UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| KEVIN LEE DIXIE,          )<br>                                       )<br>            Plaintiff,          )<br>   vs.                              )      No. 1:09-cv-74-DFH-TAB<br>                                       )<br>LINDA MOON, et al.,       )<br>                                       )<br>            Defendants.    ) | |

**Entry Directing Further Proceedings**

Kevin Lee Dixie sues a member of the staff and two residents at the Center for Mental Health in Anderson, Indiana. Dixie alleges that (1) the defendants knew of Dixie's filings in another lawsuit, No. 1:08-cv-01528-WTL-DML, and (2) defendant Linda Moon, the staff member defendant, tried to evict Dixie from housing owned by the Center for Mental Health. In relation to the first of these matters, Dixie claims that he was labeled a homosexual and was subject to homosexual conversation and jokes. In relation to the second of these matters, Dixie claims that he was forced to move on January 5, 2009. Dixie also alleges that he was retaliated against after he complained of mistreatment to the Federal Bureau of Investigation. Dixie seeks damages and certain injunctive relief.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. A complaint is sufficient only to the extent that it "'contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory.'" *Bell Atl. Corp. v. Twombly,* 127 S. Ct. 1955, 1969 (2007) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

Federal courts are courts of limited jurisdiction. See *Mansfield, C. & L.M. Ry. Co. v. Swan,* 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.,* 475 U.S. 534, 541 (1986). It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests with the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994). With exceptions not applicable here, the jurisdiction of a federal district court extends to cases in which there is a "federal question," see 28 U.S.C. § 1331, and to certain cases in which there is complete diversity of citizenship between the plaintiffs and the defendants. See 28 U.S.C. § 1332. A court's diversity jurisdiction can be invoked only when the matter in controversy exceeds the sum or value of $75,000.00, exclusive of

interest and costs. *Id.* There is, in this case, no clear or even plausible statement of the basis for the court's subject matter jurisdiction over Dixie's claims, and without such jurisdiction the court is required to dismiss the action. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)("'Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'")(quoting *Ex parte McCardle*, 7 Wall, 506, 514, 19 L.Ed. 264 (1868)).

The plaintiff shall have through **March 4, 2009,** in which to **supplement** his complaint by setting forth in a plain fashion the basis of this court's jurisdiction over his claims.

So ordered.

_____
DAVID F. HAMILTON, Chief Judge
United States District Court

Date: 2/12/09

Distribution:

Kevin Lee Dixie
206 ½ E. 2nd Street
Alexandria, IN 46001